834 F.2d 172
 UNPUBLISHED DISPOSITION
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert W. HOUTMAN, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 87-1137.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1987.
 
 Before KEITH, MILBURN, and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner, a Michigan state prisoner, appeals the district court's judgment denying his 28 U.S.C. Sec. 2254 habeas corpus petition. Upon review of the record, we conclude that the district court properly denied the petition.
 
 
 3
 Petitioner argued that his plea was involuntary, he received ineffective assistance of counsel, and his Sixth Amendment right to confrontation was violated. The district court correctly found these claims meritless. Examination of the plea colloquy reveals that petitioner entered a voluntary and intelligent plea. See Brady v. United States, 397 U.S. 742 (1970). Petitioner was informed of the nature of the charge and the consequences of his guilty plea. Thus, he intelligently waived his rights. Insofar as petitioner's claim rests on factual allegations rejected by the state court after a hearing on the merits, the claim must fail because the state court's findings must be presumed to be correct. 28 U.S.C. Sec. 2254(d).
 
 
 4
 Petitioner's claim of ineffective assistance of counsel is also meritless as petitioner has not demonstrated that an actual conflict of interest existed. Cuyler v. Sullivan, 446 U.S. 335 (1980); Smith v. Bordenkircher, 671 F.2d 986 (6th Cir.) (per curiam), cert. denied, 459 U.S. 848 (1982).
 
 
 5
 Lastly, petitioner's claim of a denial of the right to confrontation must also fail. The trial judge's decision not to recuse herself and testify at the evidentiary hearing was proper because there was no evidence that the judge's testimony would have been exculpatory. See generally Brady v. Maryland, 373 U.S. 83 (1963); United States v. Word, 806 F.2d 658, 665 (6th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1383 (1987).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.